UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON STERLING,<br><br>    Petitioner,<br><br>    v.<br><br>A. HEDGPETH,<br><br>    Respondent. | NO. CV 08-4367-CAS (AGR)<br><br>ORDER TO SHOW CAUSE |

For the reasons discussed below, the Court orders Petitioner to show cause, on or before **April 30, 2009**, why this Court should not recommend granting Respondent's motion to dismiss based on Petitioner's failure to state any grounds for relief in the petition.

**I.**

**SUMMARY OF PROCEEDINGS**

On July 2, 2008, Plaintiff filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. On September 4, 2008, Respondent filed a motion to dismiss arguing that Petitioner failed to state a claim. On January 2, 2009, Petitioner filed an opposition.

On February 5, 2009, the Court ordered Petitioner, on or before February

26, 2009, to file and serve a document that was cited in his opposition to the motion to dismiss that described Ground One of the petition, but was not included in the petition. (Dkt. No. 15.) According to the opposition, the ground for relief was stated on "attachments (a) Ground one." (Opposition at 3.) There is no page attached to the Petition with that precise title.

Petitioner has not filed the document entitled "attachments (a) Ground one" in response to the court's order.

## II.
## PETITION

In response to question 7 in the petition, which requires Petitioner to list ground(s) for relief, Petitioner filled out only Ground One. (Petition at 5.) He wrote "see attachment" for the ground; and in the "Supporting FACTS" he began a recital of the facts of his state criminal case. (*Id.*) He continued the supporting facts on an attachment entitled "Ground 1. a.(1) Supporting Facts" (directly after the California Court of Appeal opinion). However, nowhere in the petition does Petitioner describe or characterize Ground One.

## III.
## DISCUSSION

Rule 2(c)(1) of the Rules Governing § 2254 cases requires that a petition "specify all the grounds for relief available to the petitioner." "In ordinary civil proceedings, the Governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Rule 2(c) . . . requires a more detailed statement." *Mayle v. Felix*, 545 U.S. 644, 649, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) (internal citation omitted).

In opposition to Respondent's motion to dismiss, Petitioner's opposition brief states that "Ground one in his petition is the same claim petitioner raised in the instant petition, and the same claim petitioner exhausted in the California

2

Supreme Court." (Opposition at 4.) The only ground apparently exhausted in the California Supreme Court was Petitioner's contention that the trial court's imposition of an upper term sentence was unconstitutional. (Petition, Attached Petition for Review to California Supreme Court.) Petitioner lists the two grounds he raised earlier in the California Court of Appeal, the second of which was the upper term sentence. (Petition, Attachment at "Continue 3.b. Grounds raised".) In his opposition, Petitioner states that the first of the two grounds was resolved by the Court of Appeal. (Opposition at 4.) Therefore, that left only the upper term sentence ground for the California Supreme Court.

However, Petitioner has not stated the ground in the petition and has failed to respond to the Court's February 5, 2009 minute order.

## IV.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **April 30, 2009**, Petitioner shall show cause why this Court should not recommend granting Respondent's motion to dismiss based on Petitioner's failure to state a ground for relief in the petition.

Petitioner may comply with this Order to Show Cause by filing a document entitled "attachments (a) Ground one" to the Petition that states a ground for relief.

Petitioner is advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend dismissal without prejudice of his Petition for failure to specify a ground for relief as required by Rule 2(c)(1), failure to prosecute and/or failure to comply with a court order.

DATED: March 31, 2009

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge